JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY JACKSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>YOSHINOYA AMERICA INC.,<br>FEDORA PLAZA, LLC, AND DOES 1<br>TO 10,<br><br>　　　　Defendants. | CASE NO. CV 12-08518 MMM (Ex)<br><br>ORDER GRANTING MOTION TO<br>REMAND |

　　Jerry Jackson commenced this action in Los Angeles Superior Court on July 18, 2012 against Yoshinoya America, Inc., Fedora Plaza, LLC, and certain fictitious defendants.[1] On October 4, 2012, defendants removed the action to this court, invoking the court's federal question jurisdiction under 28 U.S.C. § 1331.[2] Jackson filed a motion to remand for lack of subject matter

---

[1] Complaint, Exhibit 2 of Notice of Removal of Action to Federal Court Pursuant to 28 U.S.C. Section 1441 ("Removal"), Docket No. 1 (Oct. 4, 2012).

[2] Removal at 1.

jurisdiction on November 2, 2012.[3] Defendants oppose the motion,[4] asserting that removal was proper.[5] Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds this matter appropriate for decision without oral argument. The hearing calendared for March 11, 2013, is hereby vacated, and the matter is taken off calendar.

## I.  FACTUAL BACKGROUND

Jackson is disabled and confined to a wheelchair.[6] In the year prior to commencement of this action, he tried to access defendants' premises on at least two occasions, but encountered purportedly unlawful access barriers.[7] Before filing suit, Jackson allegedly obtained a written report from an ADA access consultant verifying that defendants' premises violated the Americans with Disabilities Act and California Title 24 access regulations.[8] Based on these facts, Jackson alleges that he was denied the equal use and enjoyment of the premises.

Jackson pleads claims for violation of civil rights under Title 24 of the California Building Code and California Civil Code §§ 54, 54.1, and the Unruh Civil Rights Act, California Civil Code § 51(b). He also pleads a claim for injunctive relief under California Code of Civil Procedure §§ 54, 54.1 and California Health and Safety Code § 19955.

---

[3] Memorandum of Points and Authorities in Support of Motion by Plaintiff Jerry Jackson to Remand to State Court ("Motion to Remand"), Docket No. 7 (Nov. 2, 2012).

[4] Memorandum of Points and Authorities in Support of Defendant Yoshinoya America, Inc.'s Response in Opposition to Motion by Plaintiff to Remand to State Court ("Opposition"), Docket No. 18 (Jan. 6, 2011).

[5] Defendants also allege that plaintiff violated Local Rule 7-3 by filing the motion to remand without engaging in a pre-filing conference. They argue that the court should strike the motion and/or impose sanctions on plaintiff's counsel as a result. (Opposition at 2-3). While the court does not condone violations of the Local Rules, it does not find plaintiff's failure to meet and confer sufficiently egregious that it warrants either course of action proposed by defendants.

[6] Complaint, ¶ 4.

[7] *Id.*, ¶ 8.

[8] *Id.*, ¶ 11.

Defendants assert that the court has jurisdiction to hear the action under 28 U.S.C. § 1331 because the case arises under the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*) ("ADA"). As a consequence, they contend, removal was proper under 28 U.S.C. § 1441(a).[9] Defendants argue that Jackson "does not disavow an intent to seek injunctive relief beyond that which is required by state law," and that accordingly, the complaint should be read as seeking injunctive relief under the ADA.[10] They further asserts that Jackson's pleading was written in a "deliberately ambiguous manner" to avoid federal jurisdiction.[11]

## II. DISCUSSION

### A. Legal Standards Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal

---

[9]Opposition at 3-5.

[10]Opposition at 1.

[11]Opposition at 1.

is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### B.   Whether this Case Was Properly Removed under 28 U.S.C. § 1331

Removal is improper if a federal issue raised in a plaintiff's complaint is *merely collateral* to a state law claim. 4A Charles A. Wright, Arthur R. Miller et al., FEDERAL PRACTICE AND PROCEDURE, § 3722 (4th ed. 2012). While federal question jurisdiction may be present is the vindication of a state law right "necessarily turn[s] on some construction of federal law," *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809 (1986) (quoting *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) (internal quotation marks omitted)), the federal question must be a *necessary* element of the state law claim before federal jurisdiction exists. *id.* at 812 (quoting *Franchise Tax Board*, 463 U.S. at 13 ("some substantial, disputed question of federal law [must be] a necessary element of one of the well-pleaded state claims")).

Thus, a "court has federal question jurisdiction over a claim if: 1) federal law creates the cause of action; 2) under the artful pleading doctrine, the plaintiff's state law claims should be recharacterized as federal claims; or 3) one or more of the state law claims necessarily turns on the construction of a substantial, disputed federal question." *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 343 (9th Cir. 1996). Courts have consistently held that the fact that state law incorporates the ADA as an element of a state law cause of action does not confer federal jurisdiction to hear the state claims. see, e.g., *Wander v. Kaus*, 204 F.3d 856, 859 (9th Cir. 2002) ("Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim"); *Pickern v. Best Western Tiber Cove Lodge Marina Resort*, 194 F.Supp.2d 1128, 1131 (E.D. Cal. 2002) ("The fact that an ADA violation may serve as an element of a state law claim does not automatically confer federal question jurisdiction"); see also *Jairath v. Dyer*, 154 F.3d 1280, 1281 (11th Cir. 1998) (holding that a claim arising under a Georgia state law that incorporated the ADA did not confer federal jurisdiction).

Defendants argue that *Pickern* actually supports federal jurisdiction, because it states that

"if a plaintiff seeks injunctive relief under the ADA, . . . original jurisdiction exists."[12] The *Pickern* court opined in dicta that "it is possible for a state law claim for injunctive relief to be premised solely on a violation of the ADA," in which case federal jurisdiction may be appropriate. 194 F.Supp.2d at 1131 n. 5. Defendants argue that because Jackson seeks injunctive relief, and because the California statute providing for that relief incorporates the ADA, a federal question is raised. The court disagrees for two reasons. First, the language in *Pickern* is at best persuasive dicta; second, the language does not reach as far as defendants suggest. The *Pickern* court implicitly distinguished between the "unlikely" claim described above – which it assumed without deciding would support original jurisdiction – and state claims not *solely* based on ADA violations. *Id.* ("The question of original jurisdiction over a state claim for injunctive relief is therefore unlikely to arise").

Moreover, even if defendants' reading of the *Pickern* dicta is correct, their argument fails because Jackson's injunctive relief prayer is not based solely on ADA violations. While it is true that Jackson alleges defendants violated the ADA, he bases his causes of action solely on violations of state laws (e.g. California Civil Code §§ 54 and 54.1, California Health & Safety Code § 19955, California Civil Code § 519(b), etc.), and seeks injunctive relief based on violations of those laws. The complaint states in relevant part:

> "The acts of defendants complained of herein have in fact aggrieved or have the potential to aggrieve plaintiff in that such actions violate the provisions of section 54 or 54.1 of the California Code of Civil Procedure, Section 4450 of the California Government Code and Section 19955 of the California Health and Safety Code thereby entitling plaintiff to an injunction to enjoin defendants continued violation of plaintiff's civil rights under the California Disability Access Law.[13]

Contrary to defendants' suggestion, Jackson does not seek injunctive relief under the ADA, nor plead that he may seek injunctive relief beyond that to which he may be entitled under

---

[12]Opposition at 1.

[13]Complaint, ¶ 25.

California law. At most, *Pickern* stands for the proposition that, if a state statute incorporates the ADA, a state injunctive relief claim premised *only* on violations of the ADA might justify the exercise of federal question jurisdiction. This is not the situation present here: Jackson bases his state law claim for injunctive relief *only* on state law violations. Plaintiff's allegations, if true, are by themselves sufficient for relief under California law. While the violations described in the complaint may also be ADA violations – and proving an ADA violation would suffice to obtain relief under California disability law[14] – such violations are not a necessary part of Jackson's claim. See *Mannick v. Kaiser Foundation Health Plan, Inc.*, No. C 03-5905 PJH, 2006 WL 2168877 *16 (N.D. Cal. July 31, 2006) ("Under the CDPA, a plaintiff can show *either* that the ADA as violated, or that the facility in question does not comply with the California Building Code requirements for disabled access ('Title 24')") (emphasis added). Because resolution of a substantial federal question is not a necessary element of the state law claims, federal jurisdiction is absent.

       The case of *Louie v. Hilton, 39900 Balentine Drive, Newark, CA*, C 07-00833 CRB, 2007 WL 878556 (N.D. Cal. Mar. 22, 2007), is particularly instructive in this regard. There, the court acknowledged the *Pickern* dicta, but decided, based on facts analogous to those presented here, that the circumstance about which the *Pickern* court speculated was not present. The court stated:

> "Defendant argues that the language of plaintiff's prayer for relief demonstrates that plaintiff is seeking injunctive relief under the California Disabled Persons Act and the Unruh Act for a violation of the ADA and therefore the claim for injunctive relief under these state statutes presents a federal question.
>
> "While plaintiff's complaint can be read as seeking injunctive relief under state law for a violation of the ADA, it cannot be read as seeking 'injunctive relief to be premised *solely* on a violation of the ADA.' The complaint specifically requests injunctive relief for defendant's alleged failure to comply with the California

---

[14]California Civil Code §51(f) states "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (P.L. 101-336) shall *also* constitute a violation of this section." (emphasis added)

6

Building Code. . . . Moreover, the complaint specifically disavows any intent to seek any injunctive relief that is beyond that required by state law. . . . In sum, even assuming the dicta in *Pickern* is correct, defendant has not shown that plaintiff has made such a claim." *Id.* at *1 (emphasis original).

As in *Louie*, where plaintiff based a prayer for injunctive relief partly on a violation of the California Building Code, the complaint here seeks injunctive relief for violations of the building code and various California disability statutes. In addition, in his motion, Jackson disavows "any intent to seek injunctive relief that is beyond that required by state law."[15] For all of these reasons, the court lacks jurisdiction to hear this action.

### C. Plaintiff's Request for Attorneys' Fees

Jackson requests that he be awarded the reasonable attorneys' fees and costs he incurred filing this motion.[16] "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). "There is no automatic entitlement to an attorney[s'] fees award on remand," however. William W. Schwarzer, A. Wallace Tashina, James M. Wagstaffe, CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL ¶ 2:3802, at 2D-244 (The Rutter Group 2012). Awarding just costs and actual expenses, including attorneys' fees, is discretionary. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Indeed, the Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* Given the manner in which the complaint was drafted, referencing at various points the ADA and the ADA Accessibility Guidelines promulgated pursuant thereto , and given the dicta in *Pickern*, the court concludes that defendants had an objectively reasonable basis for removing under 28 U.S.C. § 1331. Plaintiff makes no argument to the contrary, and the court therefore finds that an award of attorneys' fees would not be appropriate.

---

[15]Reply at 2.

[16]Motion to Remand at 6.

### III. CONCLUSION

For the reasons stated, the court lacks subject matter jurisdiction to hear this action, and directs the clerk to remand the case to the Los Angeles Superior Court forthwith.

DATED: March 7, 2013

                                          MARGARET M. MORROW
                                          UNITED STATES DISTRICT JUDGE